CRAIG MISSAKIAN (CABN 125202)
United States Attorney

JEFFREY MITCHELL (CABN 236225)
Chief, Criminal Division

COLIN SAMPSON (CABN 249784)
Assistant United States Attorney

450 Golden Gate Ave., 11th Floor
San Francisco, California 94102
Telephone: (415) 436-7200
Fax: (415) 436-7009
Email: Colin.Sampson@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLA LEE JACKSON,<br><br>Defendant. | CASE NO. CR 25-00286 JSC<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

## I. INTRODUCTION

Salmon fishing in California was completely closed during the 2023, 2024, and 2025 seasons due to collapsing salmon populations, and only reopened again in May 2026. *See* https://wildlife.ca.gov/News/Archive/ocean-salmon-fishing-comeback-continues. The Hoopa Valley Tribe[1] allowed its members subsistence fishing within its Reservation (California's largest) along the Trinity River and its tributaries pursuant to its Fishing Ordinance. *See* https://www.hoopa-nsn.gov/wp-content/uploads/2023/03/title-16-amended-12-15-2022.pdf (last modified on December 15, 2022). The Fishing Ordinance defines "commercial fishing" as "the taking of any fisheries resource with the expressed intent to sell and profit economically." *Id.* The Fishing Ordinance prohibits "[c]ommercial sale of any fishery resource" and provides for a fine of $200, forfeiture of fish or fishing gear, or sixty days of suspension of fishing rights. *See Id.*, §§ 10(a), 14(b).

During the years that the salmon season was closed in California, Mrs. Jackson, a Hoopa Valley Tribe member and former elected official,[2] used her subsistence fishing rights to catch, process, and sell salmon to customers that she found online, including $400 for twenty-four jars of salmon to an undercover Special Agent of the undercover National Oceanic and Atmospheric Administration ("NOAA") on December 5, 2024. She admitted to the undercover agent that she knew she was not supposed to sell the fish but that, as a tribal member, "you know they're not going to check on me." She told one potential customer that she "did 20 cases this year"[3] and also offered larger jars of processed sturgeon for $50 per jar.

Defendant's guilty plea and a sentence of probation incarceration for a period of five years, in addition to the agreed forfeiture of fishing gear,[4] is sufficient, but not greater than necessary, to reflect

[1] Although not the basis for jurisdiction of this Indictment, in 2016 Hoopa Valley Tribe was granted concurrent federal criminal jurisdiction for certain offenses enumerated under the Indian Country General Crimes Act and Major Crimes Act, 18 U.S.C. §§ 1152, 1153.

2 *See* https://www.hoopa-nsn.gov/hoopa-swearing-in-ceremony/ (Elections Board, June 2019).

[3] In 2022, Mrs. Jackson told another potential customer that she canned 16 cases that year. In 2023, she told another potential customer that she had processed 10 cases. Defendant offered cases for as much as $300, but sold two cases to the undercover agent for a total of $400.

[4] Defendant has agreed in her Plea Agreement to forfeit fishing gear (which was not seized) used in committing the offense. Given that her tribe's Fishing Ordinance also permits forfeiture of gear, the government respectfully suggests that the fishing gear be forfeit to the Hoopa Valley Tribe.

the seriousness of the offense and to deter others from depleting scarce fisheries resources for personal gain.

## II. CHARGES AND CONVICTION

### A. Indictment and Plea

On September 9, 2025, the Grand Jury sitting in the Northern District of California returned a one-count Indictment charging Marla Jackson with Transportation and Sale of Fish Taken in Violation of Indian Tribal Law in violation of 16 U.S.C. §§ 3372(a)(1), (a)(4), and 16 U.S.C. § 3373(d)(1)(B). *See* ECF No. 1.[5] The government also alleged forfeiture pursuant to 16 U.S.C. §§ 3374(a)(1) and (a)(2) and 28 U.S.C. § 2461(c). The criminal charge relates to Mrs. Jackson's sale of salmon caught in violation of Hoopa Valley Tribal Law, Title 16 (Fishing Ordinance).

## III. THE AMENDED PRESENTENCE INVESTIGATION REPORT

### A. Legal Objections to the Amended Presentence Investigation Report

The government has no legal objections to the Presentence Investigation Report (" PSIR").

### B. Factual Objections to the Amended PSIR

The government has no legal objections to the PSIR.

## IV. UNITED STATES SENTENCING GUIDELINES PROVISIONS

### A. Base Offense Level and Enhancements

The base offense level is 6. *See* 2Q2.1(a). Given that Mrs. Jackson engaged in multiple sales of salmon between 2023 and 2025, the 2-point enhancement is appropriate for either committing the violation for pecuniary gain or for a pattern of similar violations pursuant to U.S.S.G. § 2Q2.1(b)(1). The parties agree that the market value of the fish sold exceeded $2,500, but did not exceed $6,500, resulting in a 1-point further enhancement pursuant to U.S.S.G. § 2Q2.1(b)(3)(i). The total offense level is therefore **9**.

### B. Acceptance of Responsibility

[5] 16 U.S.C. § 3372, also known as the Lacey Act, provides, among other things, that "[i]t is unlawful for any person . . . to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law. . ."

Mrs. Jackson has demonstrated prompt acceptance of responsibility for the offense, including in her written statement to Probation. She is therefore entitled to a two-level decrease, to **Offense Level 7**, pursuant to U.S.S.G. § 3E1.1(b).

**C. Adjustment for Zero-Point Offender Status**

Defendant's prior convictions too old to be counted Pursuant to U.S.S.G. § 4A1.2(e)(3). As a result, Mrs. Jackson appears to have no criminal history points and is therefore entitled to a two-level decrease, to **Offense Level** 5, pursuant to U.S.S.G. § 4C1.1(a).

**D. Restitution**

The Plea Agreement provides for at least $2,500 to be paid to the Hoopa Valley Tribe as restitution for sales of salmon caught between 2023 and 2025 in violation of the tribe's Fishing Ordnance.[6]

**E. Fine**

The government does not dispute that Mrs. Jackson's financial circumstances do not support the imposition of a fine.

**F. The Applicable Sentencing Range**

At an **Adjusted Offense Level 5**, the applicable range for incarceration is **0 to 6 months**. As argued in this Memorandum, the Court should impose a sentence of probation.

**G. JSIN Data**

According to the PSIR, using the JSIN database, 15 defendants (excluding cooperators) were sentenced pursuant to the Guideline applicable to fish and wildlife offenses (U.S.S.G. § 2Q2.1) at an Adjusted Offense Level 5 with Criminal History Category I. JSIN data reflects that 80% did not receive custodial sentences, while the remaining 3 defendants received an average and median sentence of 4 months of imprisonment.

**V. 18 U.S.C. § 3553(a)**

District courts are to impose a sentence sufficient, but not greater than necessary, to comply with

[6] The agreed restitution in this criminal case does not represent a compromise of any civil assessment that may be made later, and does not include prejudgment statutory interest. The Internal Revenue Service, pursuant to 26 U.S.C. § 6201(a)(4), may make a civil tax assessment once the criminal proceedings have concluded.

the purposes set forth in the Sentencing Reform Act. *See* 18 U.S.C. § 3553(a). In so doing, the courts are to consider, among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any pertinent policy statement; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *Id.*

Section 3553(a)'s factors support the government's recommended sentence of five years' probation. Although Defendant engaged in commercial sales of salmon over the course of several years, she received only supplemental income from the sails of approximately $4,000, according to bank records.

Section 3553(a) requires that the sentence imposed provide "adequate deterrence." *Id.* The government's recommended sentence of probation is within the Sentencing Guidelines and adequately accounts for the Defendant's age and background, the seriousness of the offense, and is sufficient to deter others from violating the Lacey Act, either by engaging in commercial sales of scarce fish in violation of tribal law or by transporting fish for sale across state lines.

//

//

//

//

## VI. CONCLUSION

Taking into consideration the sentencing options available, and particularly the need for general deterrence, a five-year term of probation, an order requiring restitution of $2,500 to the Hoopa Valley Tribe, forfeiture of fishing gear to the Tribe, and a Special Assessment of $100, is sufficient – but not greater than necessary – to address the violation and comply with the sentencing goals laid out in Title 18.

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

Dated: August 12, 2026.

*<u>/s/ Colin Sampson</u>*
COLIN SAMPSON
Assistant United States Attorney